IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:20-cr-00033 |
| Plaintiff, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| GLEN POLLARD, | : | |
| Defendant. | : | |

---

**OPINION AND ORDER GRANTING DEFENDANT'S ORAL MOTION FOR RELEASE FROM PRETRIAL DETENTION; U.S. MARSHAL ORDERED TO RELEASE DEFENDANT FROM CUSTODY; DEFENDANT ORDERED TO REPORT TO PRETRIAL SERVICES; BOND CONDITIONS REINSTATED**

---

This case came before the Court on Defendant's oral Motion for Release from Pretrial Detention. Earlier today, the Court held a hearing on the Motion and took the matter under advisement. For the reasons stated below, the Motion is **GRANTED**.

Defendant Glen Pollard was indicted in March 2020 for knowingly and intentionally possessing with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine. (Doc. 12.) The Court initially detained Defendant but then released him on bond. (Doc. 8, 16.) One condition of Defendant's bond was to "not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner." (Doc. 16.) Another condition of Defendant's bond was to "not violate any federal, state, or local law while on release." (*Id.*)

On several occasions, Defendant violated these conditions of pretrial release by testing positive for controlled substances, including marijuana. Although the Court admonished Defendant and took steps to ensure his compliance, Defendant continued to violate these conditions of his bond.

Therefore, on October 5, 2022, the undersigned revoked Defendant's bond and remanded him to the custody of the U.S. Marshal. (Doc. 64.) Based upon the facts before the Court, the primary reason why the Court revoked Defendant's bond was because he continued to possess and use marijuana. Because Defendant lives in Illinois, where the recreational use of marijuana is legal, his possession of marijuana did not violate state law. It did, however, violate federal law as set forth in the Controlled Substances Act, 21 U.S.C. § 844. Defendant's use of marijuana also violated his bond condition that requires him not to use controlled substances unless prescribed by a licensed medical practitioner.

The next day, on October 6, 2022, President Biden issued a proclamation that granted a full, complete, and unconditional pardon to all current United States citizens and lawful permanent residents who, prior to that date, "committed the offense of simple possession of marijuana in violation of the Controlled Substances Act, as currently codified at 21 U.S.C. § 844 … regardless of whether they have been charged with or prosecuted for this offense." *See* https://www.whitehouse.gov/briefing-room/presidential-actions/2022/10/06/granting-pardon-for-the-offense-of-simple-possession-of-marijuana/.

Defendant argues, and the Court agrees, that President Biden's proclamation is a material change that justifies releasing Defendant from pretrial detention. As noted, the Court revoked Defendant's bond after finding that he continued to violate federal law by

using and possessing marijuana. However, President Biden's proclamation granted a full, complete and unconditional pardon to Defendant for his prior possession of marijuana. Therefore, Defendant did not, in fact, violate federal law by using marijuana prior to October 6, 2022. Although it is unclear how the Executive Branch will handle marijuana possession that occurs after October 6, 2022, that issue is not presently before the Court.

**The Court cautions Defendant that he must comply with all conditions of his bond going forward**, including the condition that he refrain from using any controlled substances unless he has a prescription from a licensed medical practitioner.

In sum, the Court **GRANTS** Defendant's oral Motion for Release from Pretrial Detention. The U.S. Marshal is **ORDERED** to release Defendant from its custody at the conclusion of the Change of Plea hearing scheduled for this afternoon at 3:00 p.m. before District Judge Newman. Defendant is **ORDERED** to report by telephone to Pretrial Services Officer Josh Bohman by close of business on Monday, November 21, 2022. The Court **REINSTATES** the bond conditions filed in this matter on March 26, 2020, as amended on September 18, 2020, June 24, 2021, and October 27, 2021.

**IT IS SO ORDERED.**

November 18, 2022                                       *s/Caroline H. Gentry*
                                                        Caroline H. Gentry
                                                        United States Magistrate Judge

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.